UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

DATAMAXX APPLIED TECHNOLOGIES, INC.,

                Plaintiff,

- against -

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, and WILLIAM J.
BRATTON, as Commissioner of the New
York City Police Department,

                Defendants.

------

16-cv-3649 (JGK)

MEMORANDUM OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/29/18

JOHN G. KOELTL, District Judge:

The plaintiff, Datamaxx Applied Technologies, Inc., has sued the defendants, the City of New York (the "City"), the New York City Police Department (the "NYPD"), and William J. Bratton, for breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, and account stated arising out of aborted purchases of two software programs -- "Accident Report" and "Test System" -- developed by Datamaxx for the NYPD.[1] The defendants have moved for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure principally on the ground that any proposed contracts between Datamaxx and the City are not enforceable because the Comptroller of the City of New York did not register them as required by section 328 of the New York City Charter.

---

[1] The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties agree that New York substantive law applies to this case.

After the Court heard oral argument on the defendants' motion on January 19, 2018, the parties asked the Court to hold the pending motion in abeyance to allow them to discuss settlement. The Court twice extended the deadline for the parties to report on whether they had been able to reach a settlement, each time informing the parties that no further extensions would be granted. The final deadline to report to the Court was March 28, 2018. That day came and passed without word from the parties. In response to the Court's inquiry on March 29, 2018, the parties informed the Court that they had not yet been able to reach a settlement. The Court will therefore decide the motion.

The defendants' motion for summary judgment is **granted in part** and **denied in part** as follows.

Datamaxx's breach of contract claim arising out of the "Accident Report" transaction is not dismissed but its breach of contract claim arising out of the "Test System" transaction is dismissed. By first signing the "Accident Report" contract, then submitting the contract to the Comptroller for approval, and then withdrawing the contract from the Comptroller's review, the City violated "[t]he general rule . . . that a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition." <u>Kooleraire Serv. & Installation</u>

Corp. v. Bd. of Educ., 268 N.E.2d 782 (N.Y. 1971); see also Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 470-71 (2d Cir. 1995). However, the City is not liable for breaching the "Test System" contract because, unlike the "Accident Report" contract, the City never sufficiently manifested assent to purchase "Test System."

Datamaxx's good faith and fair dealing claim is dismissed only to the extent it is asserted with respect to the "Test System" contract. See Travelers Indem. Co. v. CDL Hotels USA, Inc., 322 F. Supp. 2d 482, 493 (S.D.N.Y. 2004) ("[T]here can be no breach of the duty of good faith and fair dealing where there is no 'valid and binding contract from which such a duty would arise.'" (quoting Am.-European Art Assocs., Inc. v. Trend Galleries, Inc., 641 N.Y.S.2d 835, 835 (1st Dep't 1996))). The good faith and fair dealing claim cannot be dismissed with respect to the "Accident Report" contract because there is evidence that the defendants attempted to frustrate the accomplishment of the contract.

Datamaxx's unjust enrichment claim is dismissed to the same extent as its breach of contract claims. There are too many issues of fact with respect to the "Accident Report" transaction to award summary judgment to the defendants on the unjust enrichment claim. The cases the City cites for the proposition that quasi-contractual remedies are categorically unavailable

3

when a municipal contract is declared illegal or unenforceable are distinguishable.[2] However, the unjust enrichment claim with regard to "Test System" must be dismissed because there is no evidence showing that any work Datamaxx performed on "Test System" conferred a benefit on the City for which the City did not pay.

Finally, Datamaxx's account stated claim is also dismissed respect to the "Test System" transaction but not with respect to the "Accident Report" transaction. See Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC, 637 F. Supp. 2d 185, 197 (S.D.N.Y. 2009) ("In the absence of a claim establishing underlying liability, the account stated claim is not viable." (brackets omitted)).

---

[2] See S.T. Grand, Inc. v. City of New York, 298 N.E.2d 105 (N.Y. 1973) (denying quantum meruit relief to a municipal contractor convicted of bribery in an effort "to deter violation of the bidding statutes" and serve the "grave public concern that there be absolute honesty in the procuring of a public contract"); Seif v. City of Long Beach, 36 N.E.2d 630 (N.Y. 1941) (denying quantum meruit relief where the contractor acted solely on the authorization of an individual city councilmember who was not empowered to bind the city on his own); Henry Modell & Co. v. City of New York, 552 N.Y.S.2d 632(1st Dep't 1990) (denying relief where the contractor acted on consent from an administrator without authority to bind the city and no attempt was made to follow the city's procurement regulations); Lutzken v. City of Rochester, 184 N.Y.S.2d 483 (4th Dep't 1959) (denying quantum meruit relief where "the record [was] not clear or conclusive as to any promise made by the city to pay [the] plaintiff"); Michael R. Gianatasio, PE, P.C. v. City of New York, 37 N.Y.S.3d 828 (N.Y. Sup. Ct. 2016) (denying quantum meruit relief where the contract under which the plaintiff worked was illegal because it violated a requirement of competitive bidding); see also Casa Wales Hous. Dev. Fund Corp. v. City of New York, 11 N.Y.S.3d 31 (1st Dep't 2015) (a summary opinion that does not explain the facts underlying court's decision).

4

The parties are directed to appear for a conference in this matter on **April 5, 2018, at 10:30 a.m.** The Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated:   New York, New York
         March 29, 2018

_____
John G. Koeltl
United States District Judge